# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

LEONARD HOROWITZ,

     Plaintiff,

v.                              Case No. 2:20-CV-00955-JLB-NPM

PFIZER INC., ET AL.,

     Defendants.

_____

## UNIFORM CASE MANAGEMENT REPORT

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

The parties jointly file this Case Management Report, but do not agree to the deadlines or a stay of discovery. Defendants intend to file a Motion to Stay Discovery prior to the Preliminary Pre-Trial Conference on March 2, 2021. Below sets forth each party's respective position.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference by videoconference through Zoom on 2/12/2021. Plaintiff Leonard G. Horowitz; Brian T. Guthrie – Attorney for Pfizer Inc.; John P. McDonald and Madeleine E. Brunner – Attorneys for Henry Schein, Inc.; Nilda M. Isidro and Glenn S. Kerner – Attorneys for Moderna, Inc.; and Mitch Fine – Attorney for Non-Party Medical Veritas attended the conference. Defendant Hearst Corporation has not entered an appearance and, according to Plaintiff, has not been served with the Complaint.

## 2.   Deadlines and Dates

The parties have not reached agreement on deadlines and dates, and will be submitting motion practice regarding same.   A brief summary of Plaintiff's and Defendants' respective positions are stated below.

**<u>Plaintiff's Position:</u>**
Plaintiff requests the following deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 3/26/2021 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 3/26/2021 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 6/18/2021 |
| Defendant's deadline for disclosing any expert report. | 7/30/2021 |
| Deadline for disclosing any rebuttal expert report. | 8/20/2021 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 9/3/2021 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 9/3/2021 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/15/2021 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. <br><br>Enter mediator's name, address, and phone number. | 10/1/2021 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 11/19/2021 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 1/21/2022 |

| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 2/4/2022 |
|---|---|
| Month and year of the trial term. | 3/1/2022 |

The trial will last approximately five days and be

☒ jury.

☐ non-jury.

Staying discovery would stay justice and compound irreparable harm to the Plaintiff and society in this case. The discovery required to prove or not, the Plaintiff's fundamental claim of unfair and deceptive trade expressly addresses Pfizer's and Moderna's vaccine safety testing protocol wherein it states (on p. 72): "Genetics (specified analyses) are not evaluated in this study." Accordingly, the Defendants manufacture, advertise, and distribute their products as "safe" in accordance with express acts and actors to be discovered in the interest of public health, citizens' safety, and to remedy the Plaintiff's direct damages having been smeared, censored, and deprived as a whistleblower and industry competitor raising these concerns. (Plaintiff's Addendum attached hereto further addresses the Court's discretion over this matter.)

**Defendants' Position:**
Due to the nature of the allegations and requested relief, Defendants respectfully request that initial discovery deadlines and dates are postponed until after the Court has ruled on Defendants' forthcoming Motions to Dismiss.  Defendants intend to file a Motion to Stay Discovery prior to the Preliminary Pre-Trial Conference on March 2, 2021 and will be prepared to further discuss these issues with the Court at that time. Defendants' Motion to Stay Discovery will also respond to the Addendum that Plaintiff is submitting herewith (referenced in Plaintiff's Position above). Defendants agree to submit an updated Uniform Case Management Report within fourteen (14) days after this Court issues its Orders ruling on Defendants' Motions to Dismiss, should those motions not be granted in whole.

3. **Description of the Action**

Plaintiff Leonard Horowitz alleges that Defendants have neglected crucial genetic safety studies and falsely advertised their vaccines' safety. Plaintiff also alleges that Defendants' vaccines have been approved by the FDA in violation of the Emergency Use Authorization ("EUA") requirements and the public's trust, while

Defendants' anti-competitive practices have smeared his reputation and damaged his OxySilver sales.

Plaintiff asserts eight causes of action against Defendants: (I) violation of the FDUTPA for false claims of safety; (II) violation of the FDUTPA for failure to disclose material connections with endorsers; (III) violation of the FDUTPA for false claims of efficacy; (IV) violation of the FDUTPA for unfair competition; (V) tortious interference with prospective business advantage; (VI) civil conspiracy to gain unjust enrichment; (VII) retaliatory personnel action; and (VIII) injunctive relief.

Plaintiff requests to enjoin Defendants from falsely advertising their COVID-19 vaccines as "safe" when this is a misrepresentation by omission.  Plaintiff also seeks monetary damages, including for personal and consumer injuries, decrease in past and future OxySilver sales, and for harming his business reputation.

**4.  Disclosure Statement**

☒  The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

**5.  Related Action**

☒  The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6.  Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference, and the parties want to discuss initial discovery disclosures and deadlines.

**8. Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.   The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No.

**Plaintiff's Position:**
Plaintiff proposes the deadlines listed on page one of this report and objects to Defendants' request to stay discovery.

**Defendants' Position:**
Due to the nature of the allegations and requested relief, Defendants request discovery disclosures, deadlines, and requirements are postponed until after the Court has ruled on Defendants' Motions to Dismiss. Defendants intend to file a

Motion to Stay Discovery prior to the Preliminary Pre-Trial Conference on March 2, 2021 and will be prepared to further discuss these issues with the Court at that time.  Defendants agree to submit an updated Uniform Case Management Report within fourteen (14) days after this Court issues its Orders ruling on Defendants' Motions to Dismiss, should those motions not be granted in whole.

B.    Discovery is needed on these subjects:

**Plaintiff's Position:**
   1)  Defendants' data, studies, reports, findings scientifically justifying foregoing genetic alteration and viral recombination studies to ascertain vaccination safety.

   2)  Defendants' basis in fact and defenses for smearing Plaintiff's reputation and products and engaging in anti-competitive practices against Plaintiff's businesses.

**Defendants' Position:**
Due to the nature of the allegations and requested relief, Defendants request discovery disclosures, deadlines, and requirements are postponed until after the Court has ruled on Defendants' Motions to Dismiss.  Defendants agree to submit an updated Uniform Case Management Report within fourteen (14) days after this Court issues its Orders ruling on Defendants' Motions to Dismiss, should those motions not be granted in whole.

C.    Discovery should be conducted in phases:

   ☒  Defendants say "No."
   ☒  Plaintiff says "Yes."

**Plaintiff's Position:**
   • Pre-dispositive motion discovery for the overriding interest in public health and safety addresses number "1" in paragraph "B" above.

   • Post-dispositive motion discovery addresses number "2" in paragraph "B" above.

**Defendants' Position:**
Due to the nature of the allegations and requested relief, Defendants request discovery disclosures, deadlines, and requirements are postponed until after the Court has ruled on Defendants' Motions to Dismiss.  Defendants agree to submit an updated Uniform Case Management Report within fourteen

(14) days after this Court issues its Orders ruling on Defendants' Motions to Dismiss, should those motions not be granted in whole.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

    ☒  No, say Defendants.
    ☒  Yes, says Plaintiff.

**Plaintiff's Position:**
Defendants have a history of concealing and destroying records and it is for this reason that the timing of discovery is of the essence.

**Defendants' Position:**
Defendants are not aware of any issues that may arise in this case concerning disclosure, discovery, or preservation of electronically stored information. Defendants deny Plaintiff's allegation that they have a history of concealing and destroying records.

E.  ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

    ☒  No.
    ☐  Yes.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

&#x2612; The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

*/s/ Leonard G. Horowitz*
Leonard G. Horowitz
*Pro se*
2/16/2021

Add name of party or counsel
If counsel, add name of client
Add date of signature

Add name of party or counsel
If counsel, add name of client
Add date of signature

*/s/ Brian T. Guthrie*
Brian T. Guthrie
Pfizer, Inc.
2/16/2021

*/s/ John P. McDonald*
John P McDonald
Henry Schein, Inc.
2/16/2021

*/s/ Madeleine E. Brunner*
Madeleine E. Brunner
Henry Schein, Inc.
2/16/2021

*/s/ Edward W. Gerecke*
Edward W. Gerecke
Moderna, Inc.
2/16/2021

*/s/ David J. Walz*
David J. Walz
Moderna, Inc.
2/16/2021