FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

2021 MAR 12  PM 1: 59

LEONARD HOROWITZ,

      Plaintiff,

v.                              Case No. 2:20-CV-00955-JLB-NPM

PFIZER INC., ET AL.,

      Defendants.

---

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
### TO STAY DISCOVERY PENDING MOTION TO DISMISS

Plaintiff LEONARD G. HOROWITZ hereby files Opposition to

Defendants' Motion to Stay Discovery Pending Motion to Dismiss.


## I. Middle District Discovery Rule Does Not Justify Stay of Discovery

The Middle District Discovery Rule 4 explicitly allows for discovery during

the pendency of a Motion to Dismiss and rarely grants Motions for a Stay.

Middle District Discovery (2021) at Section I. E. 4. STAYS OF
DISCOVERY, states:

> "Normally, the pendency of a motion to dismiss or a motion for
> summary judgment will not justify a unilateral motion to stay discovery
> pending resolution of the dispositive motion. **Such motions for stay are
> rarely granted**. However, unusual circumstances may justify a stay of
> discovery in a particular case upon a specific showing of prejudice or
> undue burden. . . ." (Emphasis added.)

1

Defendants cite no unusual circumstances nor prejudice justifying a stay of discovery. Defendants' are some of the largest pharmaceutical companies in the world, with a collective net worth in the hundreds of billions of dollars. Thus, their claim of undue burden rings hollow.

## II. Preliminary "Peek" Does Not Justify Stay

Per Fed. R. Civ. P. 8(a)(2), Plaintiff's pleading states a claim for Relief:  The gravamen of Plaintiff's federal Religious Freedom Restoration Act ("RFRA") claim, and 42 USC 1983 and FDUPTA state claims, is that Defendants conspired under color of law to impose a substantial burden on Plaintiff's free exercise of religion, by intentionally interfering with Plaintiff's religiously-inspired businesses, publications, and products. (See: 42 U.S. Code CHAPTER 21B—RELIGIOUS FREEDOM RESTORATION, 42 U.S.C. § 1983, Unfair Trade Practices Act (FDUTPA), F.S. §§501.201 et seq.).

Defendants' actions exerted pressure on Plaintiff, in order to substantially burden the central tenant of Plaintiff's religious belief and practice.

Defendants' CEOs (including Pfizer CEO, Albert Bourla; Moderna CEO, Stephane Bancel; Henry Schein CEO Stanley M. Bergman; and Hearst CEO Steven Swartz) who have been contractually engaged by the Department of Defense to perform public function activities) cannot demonstrate any compelling state interest for their infringements, nor justify them as the least

2

restrictive method of mitigating the perceived harm from Plaintiff's religiously-inspired products and services.

## III. <u>Substantial Burden</u>

Defendants' and their agents, acting in concert and under color of title, explicitly identified and targeted Plaintiff by name, and specifically maligned Plaintiff's businesses, products, and religious beliefs in their national publications.

This targeting is evidenced by:

1. *Forbes* Magazine's (Forbes Healthcare) attack on December 10, 2016 in which Plaintiff's religious products were specifically identified and disparaged.

2. *WIRED* Magazine (Conde Naste Health Pharma) on February 9, 2016 in which Defendants state their intention to infiltrate and disrupt Plaintiff's activities.

3. *Popular Mechanics* (Hearst Health/FDB First DataBank) attack on August 17, 2016 in which Plaintiff was disparaged ad hominem.

## IV. <u>Plaintiff's Claims not Preempted by Federal Law</u>

Plaintiff brings his claims under RFRA, 42 USC 1983, and FDUTPA based on injuries he sustained personally to his religiously-inspired businesses, practices and products (including OxySilver™ and "528" Frequency Therapeutics).

## V. Defendants make no Cognizable Rule 4 Argument for a Stay

Defendants' rationale for extraordinary relief is clearly insufficient under *Kattell v. Brenntag Mid-South, Inc*., Dist. Court, MD Florida 2019. The Kattell court stated, "Defendant provides no argument that the discovery in this case is unusually burdensome or costly, but instead seeks a stay based on the normal costs and burdens that come with discovery. . . Under the circumstances of this case, the Court finds that a stay pending ruling on the motion for judgment on the pleadings is not warranted."

Defendant's pleading is also insufficient under *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)) which requires a 5-step analysis, little-to-none of which Defendants provide. When considering a stay of discovery, the court in *String Cheese* considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Defendants have provided no compelling justification for their request to deny Plaintiff's timely discovery per *String Cheese*, nor have Defendants cited any dispositive authority on point that would authorize a broad stay of discovery.

Conversely, Plaintiff, as a widely-recognized expert in the field of emerging viruses, communicable diseases, and genetic engineering, claims:

(1) ongoing damage to his businesses and religious practices, including damage to his competing broad spectrum antibacterial and antiviral non-drug therapeutic branded OxySilver$^{TM}$ (528Hz/nm therapeutic frequency);

(2) Defendants provide no factual basis for their conclusory claim that discovery would place a prejudicial or undue burden on them which would justify the extraordinary remedy of staying discovery;

(3) Defendant fails to make any judiciable claim, per Rule 4, that Plaintiff's discovery would inconvenience the Court;

(4) Defendants' targeted attacks against Plaintiff's products have created confusion in the marketplace, and have disrupted the religious activities and religious commerce of those similarly situated to Plaintiff;

(5) The Public Interest is best served by holding Defendants to account. Defendants unsubstantiated claims against Plaintiff's competitive products are informed not by facts, but by religious prejudice, and thereby deprive millions of consumers the factual information upon which to base their purchasing decisions.

The underlying principle in determining whether to grant or deny a stay of discovery is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott*

*Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).

In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06BcvB02419BPSFBBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted). The Court *In re Winn Dixie Stores, Inc. Erisa Litigation*, noted that Eleventh Circuit case law, including *Chudasama* and its progeny, do not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss." 304-CV194J-33MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007).

## VI. <u>A Stay will Result in Irreparable Harm to Plaintiff</u>

### A. Plaintiff seeks to enjoin irreparable harm to himself and to his religious commerce.

The Plaintiff seeks relief to enjoin irreparable harm to himself, to his religious commerce, to his reputation, and to his free exercise of religion, caused by Defendants' ongoing and continuous public disparagement and disruption of his religious practices.

Plaintiff's products are grounded in a millennial-long tradition of religious textual doctrine and are proffered by Plaintiff (who is a Levitical Priest), based on his sincere religious belief in their safety and efficacy.

The centrality to his faith of Plaintiff's religious commerce, products, practices, and services, is confirmed textually in the *Tanakh*, comprised of the *Pentateuch* (Torah), the *Nevi'im* (the Prophets) and the *Ketuvim* (Writings). Plaintiff also avers that Defendants, in acting to crush all viable alternatives to their products (pursuant to the FDA's 'no alternative requirement' to certify Emergency Use Authorization of Defendants' products), pursued a course of attacking Plaintiff personally, religiously, and commercially resulting in the deprivation of Plaintiff's Constitutional right to the free exercise of his religion (inter alia).

## B. Defendants Actions are Ongoing and Continuous

Defendants claim this matter will be dismissed and no discovery will occur because Plaintiff's arguments are irrational, frivolous, and constitute diatribe.

Defendants, unlike pro se Plaintiff, are represented by the most high powered attorneys in the world.  Admittedly, Plaintiff is unable to hire counsel because he has been bankrupted by Defendants who have deployed their considerable resources to destroy Plaintiff's livelihood. If Plaintiff's theories, however, were simply irrational, frivolous, and a diatribe, why do Defendants' continue to attack him and his products by name in their major publications?

7

If Plaintiff's beliefs and practices could be so easily dismissed as frivolity,

why did President Obama's Minister, Reverend Wright, when asked for his source

of information on these subjects, cite Dr. Leonard Horowitz's best-selling book,

*Emerging Viruses: AIDS & Ebola—Nature, Accident or Intentional?*

## VII. FEDERAL JURIDICTION

Though this matter raises both state and federal issues, Plaintiff contends the

hybrid law issue should be resolved in favor of federal jurisdiction, given

Defendants' violations of Plaintiff's Constitutional rights supersede Plaintiff's state

claims. Additionally, the weight of federal authority is that fairness

dictates claims against federal actors should be adjudicated in federal court.

## VIII. CONCLUSION

Plaintiff simply asks the Honorable Court and opposing counsel for the

courtesy to be heard. He is not on a fishing expedition and requires only limited

discovery to meet his burden.

"Discovery in this district should be practiced with a spirit of cooperation

and civility. The district's attorneys and the Court are justifiably proud of the

courteous practice that is traditional in the Middle District." Middle District

Discovery (2021) at Section I. A. 1. COURTESY.

Respectfully submitted.


DATED: March 12, 2021; Cape Coral, Florida


\s\ Leonard G. Horowitz

LEONARD G. HOROWITZ, pro se
Post Office Box 150457
Cape Coral, FL 33915
Tel: 310-877-3002;
Email: Editor@MedicalVeritas.org

## DECLARATION

I, LEONARD G. HOROWITZ, under pain of perjury of law, do hereby state and declare as follows:

1) I am an individual over the age of twenty-one (21) years, a resident of the State of Florida, and Lee County.

2) I am not licensed to practice law before any courts.

3) I am a Levitical priest and Overseer of THE ROYAL BLOODLINE OF DAVID, a Washington State Corporation Sole, currently in 'winding-up' of its interests and assets following insolvency, dissolution, and my 2016 Chapter 13 bankruptcy, all damages proximally-caused by Defendants' actions.

FURTHER DECLARANT SAYETH NAUGHT

This Declaration is based upon my personal knowledge and I am competent to testify as to the truth of the statements contained herein.

Dated:  Cape Coral, Florida:  March 12, 2021

Signed: \s\ Leonard G. Horowitz

LEONARD G. HOROWITZ

## CERTIFICATE OF SERVICE

I, LEONARD G. HOROWITZ, CERTIFY that on this 12th day of March, 2021, I served a true and correct copy of the foregoing "PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS" with the Clerk of the captioned Court and by E-mail to the following Defendants:

*For Pfizer*

Daniel B. Rogers, Esquire
Florida Bar No. 195634
SHOOK, HARDY & BACON L.L.P.
201S. Biscayne Blvd., Suite 3200
Miami, Florida 33131
T: 305-358-5171 | F: 305-358-7470
E: drogers@shb.com
bizquierdo@shb.com

Brian T. Guthrie, Esquire
Florida Bar No. 084232
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa St., Suite 2900
Tampa, Florida 33602
T: 813-202-7100 | F: 813-221-8837
E: bguthrie@shb.com
lcintron@shb.com
lmaranto@shb.com

*For Henry Schein*

Thomas J. Cunningham
Florida Bar No. 0121997
Tcunningham@lockelord.com
LOCK LORD LLP
777 South Flagler Drive
East Tower, Suite 214
West Palm Beach, FL 33401
T: (561) 833-7700 | F: (561) 655-8719

John P. McDonald (admitted pro hac vice)
Texas Bar No. 13549090
jmcdonald@lockelord.com
Madeleine E. Brunner (admitted pro hac vice)
Texas Bar No. 24105547
Maddie.brunner@lockelord.com
LOCK LORD LLP
2200 Ross Avenue, Suite 2800

Dallas, Texas 75201
T: (214) 740-8000 | F: 214-740-8800

*For Moderna*

Edward W. Gerecke
Florida Bar Number: 328332
David J. Walz
Florida Bar Number 697273
Caycee D. Hampton
Florida Bar Number 100922
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601
T: (813) 223-7000 | F: (813) 229-4133
egerecke@carltonfields.com
dwalz@carltonfields.com
champton@carltonfields.com

*For Hearst*

**Nina Shah**
Counsel, Office of General Counsel
Hearst Corporation,
300 West 57th Street, 40th Floor
New York, New York 10019
T: (212) 649-2482 |
nina.shah@hearst.com

Meghan Locker
Senior Litigation Specialist
Office of General Counsel
300 W. 57th Street
New York, NY 10019
T: 212-649-2075 | F: 646-280-2075
mlocker@hearst.com