# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

LEONARD G. HOROWITZ,

    Plaintiff,

vs.                                                   Case No. 2:20-cv-00955-JLB-NPM

PFIZER INC., et al.,

    Defendants.

_____/

## DEFENDANTS PFIZER INC.'S AND HENRY SCHEIN, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Defendants Pfizer Inc. ("Pfizer") and Henry Schein, Inc. ("Schein") respectfully request this Court deny Plaintiff's Motion for Judicial Notice of Public Records in Response to Defendant Pfizer Inc.'s Motion for Judicial Notice of Public Records. (Dkt. 57.) The Court should deny Plaintiff's Motion on both procedural and substantive grounds. Procedurally, Plaintiff failed to confer in good faith with Pfizer and Schein under Local Rule 3.01(g) before filing his Motion. Substantively, Plaintiff cannot meet his burden to establish that it is proper for the Court to take judicial notice of the four Exhibits attached to Plaintiff's Motion. Exhibits 1, 2, and 3 are not relevant to Plaintiff's claims, and Exhibits 2 and 4 are not from sources whose accuracy cannot reasonably be questioned.

# ARGUMENT

## I. PLAINTIFF FAILED TO COMPLY WITH LOCAL RULE 3.01(g).

Local Rule 3.01(g)(1) required Plaintiff to confer first with Pfizer and Schein in a good faith effort to resolve his Motion before filing it, and Local Rule 3.01(g)(2) required Plaintiff to certify that he had so conferred. Plaintiff failed to comply with both of these requirements. He did not even attempt to confer with Pfizer or Schein before filing his Motion, and his Motion does not include the required certification.

The Court should deny Plaintiff's Motion on this ground alone. *See, e.g.*, *Maldonado v. Baker Cty. Sheriff's Office*, 2021 WL 1193207, at *2, *10 (M.D. Fla. Mar. 30, 2021) (denying *pro se* plaintiff's "notice" for judicial notice, in part, where plaintiff failed to comply with Local Rule 3.01(g)); *Balis v. Martin*, 2021 WL 1104976, at *1 (M.D. Fla. Mar. 23, 2021) ("But [*pro se*] Plaintiffs also failed to comply with Local Rule 3.01(g) before requesting relief, and on this basis alone, the motion is due to be denied."); *see also Johnson v. Anderson*, 2019 WL 3717900, at *14 (M.D. Fla. Aug. 7, 2019) (denying *pro se* plaintiff's motion to amend where plaintiff failed to comply with Local Rules 3.01(a) and 3.01(g)).

## II. PLAINTIFF CANNOT MEET HIS BURDEN TO ESTABLISH THAT THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS ATTACHED TO HIS MOTION.

"One who requests judicial notice bears the burden of persuading the court that the specific fact sought to be judicially noticed is not subject to dispute and is capable of accurate and immediate determination by a source whose accuracy is not reasonably subject to being questioned." *Learning Connections, Inc. v. Kaufman, Englett*

*& Lynd, PLLC*, 2012 WL 13103015, at *6 (M.D. Fla. Jan. 18, 2012) (citation omitted); *see also* Fed. R. Evid. 201(c)(2) (judicial notice proper if party requests it and the court is supplied with the necessary information). Further, because a "court's decision to take judicial notice of a fact is nothing more than a finding that the proffering party need not undertake the burden of litigating the existence of the fact[,]" a court may "refuse to take judicial notice of facts that are irrelevant to the proceeding or (in certain contexts) otherwise excludable under the Federal Rules." *United States v. Falcon*, 957 F. Supp. 1572, 1585 (S.D. Fla. 1997) (collecting cases), *aff'd*, 168 F.3d 505 (11th Cir. 1999). Applying this test, the Court should refuse to take judicial notice of any of the Exhibits (and the facts therein) proffered by Plaintiff.[1]

### A. Exhibits 2 and 4 Are from Sources Whose Accuracy Can Reasonably Be Questioned.

Courts should take judicial notice of a matter only if the moving party establishes that the proffered fact comes from a source "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In the Eleventh Circuit, facts set out in media reports do not satisfy this requirement. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991) ("[A] statement of fact appears in a daily newspaper does not of itself establish that the stated fact is 'capable of accurate and

---

[1] Plaintiff has also attached twenty-one additional documents to his Opposition to Defendant Schein's Motion to Dismiss (Dkt. 58). He has not separately requested judicial notice of these documents. *See* Fed. R. Evid. 201(c)(2). To the extent Plaintiff requests the Court to take judicial notice of these documents, Schein objects to each and every document for all the reasons outlined in this Response, including that they are from sources whose accuracy can reasonably be questioned and/or are not relevant to this proceeding.

3

ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (citation omitted); *accord King v. Akima Glob. Servs., LLC*, 775 F. App'x 617, 621 (11th Cir. 2019). Such news articles and writings on non-governmental "informal websites" lack the reliability and accuracy of government websites and thus fail to meet the requirements for judicial notice under Rule 201. *See Smith v. Vestavia Hills Bd. of Educ.*, 2018 WL 1408537, at *7 (N.D. Ala. Mar. 21, 2018) ("[T]he Court agrees that facts set out in law review articles and informal websites (as opposed to official government websites) are similar to facts set out in newspapers. As such, they . . . not subject, without more, to any exception, including judicial notice."), *aff'd*, 791 F. App'x 127 (11th Cir. 2019).[2]

Here, Plaintiff seeks judicial notice of information from two non-governmental "informal" sources without explaining how either source's "accuracy cannot reasonably be questioned." Nor could he.

Exhibit 2, from the American Dental Association website, is a news report on the settlement of an antitrust class action lawsuit by Schein and its co-defendants in that case. The Court should decline to take judicial notice of that news report. *See Smith*, 2018 WL 1408537, at *7 (agreeing that the plaintiff's use of information from an online "transmedia storytelling site" and Wikipedia was akin to the use of newspaper articles and other informal literature).

---

[2] *See also Ambler v. Williamson Cty.*, 2021 WL 769667, at *4 n.8 (W.D. Tex. Feb. 25, 2021) (declining to take judicial notice of video posted on local news website because courts "routinely have declined to take judicial notice of facts asserted in news reports and newspapers") (citing *Cofield*, 936 F.2d at 517).

Exhibit 4 is an article authored by Plaintiff himself and published on the Medical Veritas website, where Plaintiff is both the Editor-in-Chief and President.³ The article incorporates and provides commentary about Plaintiff's response to an FDA Warning Letter sent to him about his OxySilver product. Exhibit 4 is likewise an improper source for judicial notice. *See, e.g.*, *Thompson v. Fla. Bar*, 2007 WL 4380067, at *1 (S.D. Fla. Nov. 20, 2007) (denying *pro se* plaintiff's motion for judicial notice of plaintiff's own letters to the U.S. Attorney General and plaintiff's own press release).

In contrast to the information and documents which Pfizer has requested the Court take judicial notice of—public records from FDA's website and declarations from the Federal Register—Plaintiff's Exhibits 2 and 4 are not from government sources or websites. Because Plaintiff has not shown that either informal source's "accuracy cannot reasonably be questioned," the Court should refuse take judicial notice of Exhibits 2 and 4 and any facts recited therein.

**B.   Exhibits 1, 2, and 3 Are Not Relevant to This Proceeding.**

Plaintiff also requests that the Court take judicial notice of a press release from the Department of Justice (Exhibit 1) and a report from the Department of Health and Human Services (Exhibit 3). The Court should not take judicial notice of these Exhibits or Exhibit 2 because, under Rule 201, none of them provide "adjudicative facts" relevant to claims in this proceeding. *See Falcon*, 957 F. Supp. at 1585 (court may "refuse to take judicial notice of facts that are irrelevant to the proceeding or (in certain

---

³ MEDICAL VERITAS: THE JOURNAL OF TRUTH IN HEALTH SCIENCES, https://medicalveritas.org/ (last visited Apr. 6, 2021).

contexts) otherwise excludable under the Federal Rules"); Fed. R. Evid. 201 advisory committee's note to 1972 amendment ("Adjudicative facts are simply the facts of the particular case.").

Exhibits 1, 2, and 3 report on alleged conduct by Pfizer and Schein that has no relevance to their alleged conduct at issue in this proceeding. Plaintiff's Complaint seeks to stop Pfizer and co-Defendant Moderna, Inc. from distributing their COVID-19 vaccines, first authorized for emergency use in late 2020, because they are allegedly unsafe, and also seeks damages for Defendants' purported conspiracy to interfere with Plaintiff's sale of his liquid dietary supplement product. In contrast, Exhibit 1 is a press release from *2009* purporting to detail a settlement reached by Pfizer for the promotion of the drug Bextra (an NSAID), which has no bearing on Pfizer's COVID-19 vaccine developed *more than a decade later*. Exhibits 2 and 3 similarly lack relevance to this proceeding. In addition to being from a source whose accuracy can be reasonably questioned, Exhibit 2 notes a settlement reached by Schein and others in *2019* of an antitrust class action lawsuit. Exhibit 3 cites Schein's resolution of claims brought under the Civil Monetary Penalties Law in *2014*. Both Exhibits are completely irrelevant to Plaintiff's claims against Schein, including Plaintiff's claims for an alleged retaliatory personnel action *over 25 years earlier in 1993*.

At bottom, Exhibits 1, 2, and 3 are textbook examples of a party attempting to inject allegations of dissimilar conduct that have no relevance to the case at hand. In a civil case like this one, such evidence is not permitted. *See* Fed. R. Evid. 404(b)(1)

("Evidence of any other . . . act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Since the evidence is excludable under the Federal Rules, the Court should refuse to take judicial notice of it. *See Falcon*, 957 F. Supp. at 1585.

Judicial notice is intended to relieve a party from undertaking the burden of litigating the existence of facts whose accuracy cannot be reasonably questioned. But where, as here, the "facts" sought to be judicially noticed have no bearing on the claims at issue in the proceeding—and, indeed, are excludable under the Rules of Evidence—the Court should not exercise its discretion to take judicial notice of such irrelevant matters.

## CONCLUSION

For all of these reasons, Pfizer and Schein respectfully request that this Court deny Plaintiff's Motion for Judicial Notice of Public Records in Response to Defendant Pfizer Inc.'s Motion for Judicial Notice of Public Records.

Dated: April 9, 2021

    Respectfully submitted,

    */s Brian T. Guthrie*
    Brian T. Guthrie
    Florida Bar No. 84232
    SHOOK, HARDY & BACON L.L.P.
    100 N. Tampa St., Suite 2900
    Tampa, FL 33602
    T: 813-202-7100
    F: 813-221-8837
    bguthrie@shb.com

    Daniel B. Rogers

Florida Bar No. 195634
SHOOK, HARDY & BACON L.L.P.
201 S. Biscayne Blvd. Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
drogers@shb.com

*Attorneys for Defendant Pfizer Inc.*


/s Thomas J. Cunningham
Thomas J. Cunningham
Florida Bar No. 0121997
Tcunningham@lockelord.com
LOCKE LORD LLP
777 South Flagler Drive
East Tower, Suite 214
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Facsimile: (561) 655-8719

John P. McDonald
Texas Bar No. 13549090
jmcdonald@lockelord.com
Madeleine E. Brunner
Texas Bar No. 24105547
maddie.brunner@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

*Counsel for Defendant
Henry Schein, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April 2021, I filed a true and correct copy of the foregoing through the Court's CM/ECF system. I further certify that I served by E-Mail and U.S. Mail a copy of the filed document to the following non-CM/ECF participant(s):

Leonard G. Horowitz, *Pro Se*
P.O. Box 150457
Cape Coral, FL 33915
T: 310-877-3002
E-Mail: editor@medicalveritas.org

                                                   */s Brian T. Guthrie*
                                                 Attorney