FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARD G. HOROWITZ,
Plaintiff,

vs.  Case No. 2:20-cv-00955-JLB-NPM

PFIZER INC., et al.,
Defendants.
_____/

## PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF PUBLIC RECORDS IN SUPPORT OF OPPOSITION TO DEFENDANT MODERNA'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Horowitz ("Plaintiff"), pursuant to Federal Rule of Evidence 201, respectfully requests this Court take judicial notice of four public records, three issued by the Department of Defense's Defense Advanced Research Programs Agency ("DARPA"), and the fourth from the Massachusetts Institute of Technology, filed here in support of Plaintiff's Opposition to Defendant Moderna's (and Pfizer's) Motion(s) to Dismiss; validating Article III federal jurisdiction pursuant to Plaintiff's 42 U.S.C. §§ 1981 and 1983 claims, and demonstrating "the existence of a genuine factual issue regarding the satisfaction of § 1983's state action requirement." *Focus on the Family v. Pinellas Suncoast Transit*, 344 F. 3d 1263 - Court of Appeals, 11th Circuit 2003.

## INTRODUCTION

On December 3, 2020, Plaintiff filed a Complaint against Defendants Moderna, Pfizer, Henry Schein, and Hearst, claiming unfair and deceptive trade

2

practices by the Defendants damaging the Plaintiff's reputability and sales of "OxySilver with 528" that competes against Defendants' interests in vaccines, antibiotics, and secular healthcare narrative. A civil conspiracy claim was made thusly: "297. The Defendants, complicit scammers, and allied insiders in government thereby discouraged consumers and government officials from relying on competing products, such as the anti-oxidants hydroxychloroquine and the Plaintiff's OxySilver™. 298. The aforementioned overt acts damaged the Plaintiff and society." The Plaintiff also claimed for Injunctive Relief stating: "323. Plaintiff is also a Levitical priest who recognizes the religious implications of forced vaccinations and lockdowns violating Constitutional freedoms of religious assembly and Bible laws requiring blood purity for the protection of genetic integrity. . . . 334. The injunction should require Defendants to cease and desist disparaging and defaming the Plaintiff/whistleblower on the aforementioned forums and elsewhere."

  Now Defendants seek to dismiss this action before discovery commences, falsely alleging the Plaintiff is simply a "conspiracy theorist" making wild accusations. Defendants divert from the personal and commercial damage they caused to the Plaintiff's reputability and OxySilver sales, respectively. Damage they presently compound by continuing to smear and discredit the Plaintiff as Defendant Pfizer has done in its Motion to Dismiss, and Motion for Judicial Notice

3

of Public Records that conceal the complete FDA record exonerating the Plaintiff following contested allegations of drug advertising pursuant to OxySilver's online description.

The Defendants also falsely argue to dismiss the Complaint claiming their "safe harbor" protection against liability under Fla. Stat. § 501.204(1). But that statute only creates "safe harbor" when "[a]n act or practice required [by government] or specifically permitted by federal or state law" is committed. Therefore, that "safe harbor" *does not apply to* Moderna's act and practice of allegedly converting, concealing, and/or smearing Plaintiff's 528 intellectual and industrial property as the "least restrictive" methods of achieving the government's goals; nor obfuscating Moderna's and Pfizer's nano-metal hydrogels' and their risks to society, public health and safety, juxtaposed against OxySilver's superior competitive safety.

These matters are material to Plaintiff's claims of unfair competition and deceptive trade since Defendants': (a) vaccine hydrogels delivering mRNA to cells directly compete against the Plaintiff's "OxySilver™ with 528" product. Both are bioelectrically-active nano-metal anti-microbials; and (b) lacking genetic safety testing protocols precluding competent appraisal by the FDA, thus unfair competition by federal actors in securing Defendants' markets, restricting OxySilver™ competition, thus damaging the Plaintiff's OxySilver sales and benefits to society.

Moreover, the Defendants falsely argue the Plaintiff's civil rights claims under 42 U.S.C. §§ 1981 and 1983 are precluded by the supposed absence of state actors.

4

Accordingly, Plaintiff hereby requests this Court to take judicial notice of the state actors Moderna engaged by appraising the following four (4) federal agency records evidencing the government's financing and joint venturing between Moderna (GSK/Pfizer) and DARPA in the development of Moderna's (and Pfizer's) "novel" COVID-19 vaccine hydrogel device that mimics the fundamental bioelectronics of "OxySilver™ with 528," and enables the "genetic therapy" claimed by Moderna to be the function of its vaccine.

In addition, one (two-page) M.I.T. Langer Lab screenshot attached hereto proves Moderna's leading scientist, board member, and financial agent, pioneered the research and development of Moderna's bioelectric, electromagnetic, ultrasonic wave frequency generating hydrogel technology for use in "Creating new approaches for delivering drugs such as proteins and genes across complex barriers in the body such as the blood-brain barrier, . . ." This biotechnology is important for Judicial Notice because it has been generally concealed from public discourse. This concealment enables Moderna's man-made modified "mmRNA vaccine" to potentially administer far more than what Moderna or the company's Hearst media, First Databank, and McKesson Company partners admit about OxySilver's competition. These public records include:

1. Defense Advanced Research Projects Agency ("DARPA") electronic mail of September 18, 2020, providing the first public notice that the Department of Defense is investigating "Moderna Therapeutics' (Moderna) alleged failure to disclose DARPA funding support in its patented inventions."
    a. This record is publicly available on the complainant's website: https://www.keionline.org/wp-content/uploads/DARPAresponse-KEI-Moderna-18Sep2020.pdf

5

2. Defense Advanced Research Projects Agency ("DARPA") public announcement of the "Autonomous Diagnostics to Enable Prevention and Therapeutics (ADEPT)" program from which financial and administrative support for Moderna's vaccine derives: "to rapidly identify and respond to threats posed by natural and engineered diseases and toxins. . . . [including] novel methods for rapidly manufacturing new types of vaccines with increased potency; novel tools to engineer mammalian cells for targeted drug delivery and in vivo diagnostics; and novel methods to impart near-immediate immunity to an individual using antibodies."
    a. This record is publicly available on the DARPA website:
    https://www.darpa.mil/program/autonomous-diagnostics-to-enable-prevention-and-therapeutics

3. Defense Advanced Research Projects Agency ("DARPA") "COVID-19" review of DARPA's work with "its academic and industry partners, to provide technical and scientific solutions to address the COVID-19 pandemic." Review includes the "ADEPT/P3" program to "deliver genes that encode the antigen and allow the human body to produce the antigen from its own cells, triggering a protective immune response. In December 2020, former ADEPT performer Moderna's RNA vaccine received FDA Emergency Use Authorization (EUA) approval . . ." And "a human monoclonal antibody (mAB) identified as part of the P3 program and in conjunction with the National Institute of Allergy and Infectious Diseases (NIAID) . . . being developed in collaboration with Eli Lilly and Company . . . to be evaluated together with VIR-7831, an antibody developed by Vir Biotechnology, Inc. and GlaxoSmithKline (Pfizer's parent company, as a potential COVID-19 therapy . . ."

4. M.I.T. Langer Lab website detailing the "Research Overview" of Moderna's chief scientist and financing agent, Robert Langer, in "Developing controlled release systems [for drugs and vaccines] that can be magnetically, ultrasonically, or enzymatically triggered to increase release rates. . . . Creating new approaches for delivering drugs such as proteins and genes across complex barriers in the body such as the blood-brain barrier . . ."
    a. This record is publicly available on the M.I.T. Langer Lab website:
    https://langerlab.mit.edu/

## MEMORANDUM OF LAW
(Prepared by and quoted from Pfizer's Counsel, Brian T. Guthrie)

"Federal courts may take judicial notice of any fact "not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

"In the Eleventh Circuit, courts routinely find that the public records of federal agencies, including FDA, satisfy Rule 201 and consider those records at the motion to dismiss stage. *E.g., Rounds v. Genzyme Corp.*, 440 F. App'x 753, 754–56 (11th Cir. 2011)(relying upon FDA-approved package inserts to decide motion to dismiss); *Leroy v. Medtronic, Inc.*, 2015 WL 4600880, at *5 (N.D. Fla. July 29, 2015) ("Courts in this circuit and elsewhere have taken judicial notice of similar FDA public records under similar circumstances, and without transforming a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment."); *Stanifer v. Corin USA Ltd., Inc.*, 2014 WL 5823319, at *3 (M.D. Fla. Nov. 10, 2014) (considering FDA records on a motion to dismiss because "public records available on the FDA's website . . . satisfy the requirements of Rule 201"); *Kaiser v. Depuy Spine, Inc.*, 944 F. Supp. 2d 1187, 1189 n.2 (M.D. Fla. 2013) (taking "judicial notice of public records of the FDA" on a motion to dismiss); *Chapman v. Abbott Labs.*, 930 F. Supp. 2d 1321, 1323 (M.D. Fla. 2013).

"Other courts have taken judicial notice of the same or similar FDA documents identified by Pfizer here. *E.g., Goico v. U.S. Food & Drug Admin.*, 2020 WL 7078731 (D. Kan. Dec. 3, 2020). In *Goico*, a *pro se* plaintiff sued to enjoin FDA from restricting access to the drug hydroxychloroquine after the Agency revoked the drug's emergency use authorization ("EUA") for COVID-19 treatment. At the Agency's request, the court took judicial notice of five documents publicly available on the FDA website at the motion to dismiss stage, including the EUA for Chloroquine, FDA News Release, and FDA Risk Alert. *Id.* at *3.2

"This Court should likewise take judicial notice of the six public records offered by Pfizer, which are similar to the FDA records judicially noticed in *Goico*. Here, Pfizer requests that this Court take judicial notice of FDA's public health emergency determination and emergency use authorization declaration,3 the Pfizer vaccine's EUA, FDA's review memorandum, FDA guidance documents addressing EUAs, and a warning letter sent by FDA to Plaintiff in 2010. Taking judicial notice of each document is appropriate under Rule 201, as each is readily available on the U.S. Federal Register or FDA's websites, both of which constitute "a source that cannot

reasonably be questioned." *Dixon v. Allergan USA, Inc.*, 2015 WL 13777064, at *2 (S.D. 2 The Fla. Apr. 2, 2015) (stating "FDA's public records merit judicial notice" because they are "readily accessible on the FDA's website, a source that cannot reasonably be questioned"); *accord Leroy*, 2015 WL 4600880, at *5."

## CONCLUSION

For all of these reasons, Plaintiff respectfully requests this Court take judicial notice of the four public records identified herein, attached as Exhibits 1 thru 4, supplementing Plaintiff's Opposition to Defendant Moderna's Motion to Dismiss filed April 12, 2021, and supporting Plaintiff's pending Opposition to Defendant Pfizer's Motion to Dismiss.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned pro se Plaintiff conferred with Moderna about the Judicial Notice requested herein. Defendant Moderna opposes this Motion as currently filed.

Respectfully submitted.

DATED: April 15, 2021                                        /s Leonard G. Horowitz
                                                                          Plaintiff, pro se

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April 2021, I filed a true and correct copy of the foregoing "Motion for Judicial Notice" including Exhibits 1 thru 4, with the Court's Clerk for customary E-filing. I further certify that I served by E-Mail a copy of the filed document to the following participant(s):

ATTORNEY FOR HENRY SCHEIN, INC.
Thomas J. Cunningham
LOCKE LORD LLP
777 South Flagler Drive
East Tower, Suite 214
West Palm Beach, FL 33401
T: 561- 833-7700
http://Tcunningham@lockelord.com

ATTORNEY FOR PFIZER INC.
Brian T. Guthrie, Esquire
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa St., Suite 2900
Tampa, Florida 33602
T: 813-202-7100 | F: 813-221-8837
E: bguthrie@shb.com
lcintron@shb.com
lmaranto@shb.com

ATTORNEY FOR MODERNA INC.
Nilda M. Isidro
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue  New York, NY 10018
T: 212-459-7224  | F: 646-558-4208

ATTORNEY FOR HEARST CORP.
Legal Department
Hearst Tower in Manhattan
300 West 57th Street and 959 Eighth Avenue,
New York, NY 10019
T: 212-649-2000

HONORABLE JUDGE JOHN BADALAMENTI
HONORABLE MAGISTRATE NICHOLAS MIZELL
United States District Court
for the Middle District of Florida
Ft. Myers Division U.S. Courthouse & Federal Building
2110 First St, Fort Myers, FL 33901
T: 239-461-2000

_____
Leonard G. Horowitz, pro se

9