UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARD G. HOROWITZ,

    Plaintiff,

v.     Case No. 2:20-cv-955-JLB-NPM

PFIZER INC, HEARST CORPORATION, MODERNA INC, HENRY SCHEIN, INC. and DOES 1 THROUGH 50, INCLUSIVE,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff Leonard Horowitz's failure to respond to the Court's May 19, 2021 Endorsed Order to Show Cause (Doc. 71). The Order to Show Cause was prompted by an internal notification that the May 10, 2021 Endorsed Order, which was mailed to Horowitz, was returned to the Clerk's office and marked as "Return to Sender." The Court ordered Horowitz to either update his contact information or show cause, in writing, why this case should not be dismissed for failure to prosecute. (Doc. 71); *see* United States District Court Middle District of Florida: *Guide for Proceeding Without a Lawyer*, p. 15 (Oct. 13, 2020) ("If you change your name, phone number, or address, you must update your information with the court."). This Order was again mailed to Horowitz's last known

address—the Cape Coral P.O. Box—but it was again returned, and, this time it was marked as "No longer at this address."

Failure to respond to the Court's Order to Show Cause is grounds for this report recommending this case be dismissed for lack of prosecution. This is also bolstered by the fact that the Court took Horowitz's pro se status into account when he did not appear at the preliminary pretrial conference ("PPTC") on March 2, 2021. (Doc. 45). Since he apparently did not receive the notice of the PPTC, the Court rescheduled the PPTC for March 17, 2021, and the Clerk's office mailed a copy of the notice to the Cape Coral P.O. Box. (Doc. 46). Horowitz appeared at the second PPTC, and the Court asked Horowitz to confirm the address where he received mail. Horowitz confirmed that he was currently in Cape Coral, Florida and that the "best, most expedient address would be the Cape Coral address and indeed that's exactly what it is right now." So, the Court confirmed that the Cape Coral P.O. Box was the correct address to use for sending mail to Horowitz.

To prosecute an action in federal court, a pro se plaintiff must provide and maintain an address where he will receive notices and orders from the Court. *See* Fed. R. Civ. P. 11(a) (every paper must state the filer's address). Horowitz has failed to do so. Pursuant to Local Rule 3.10, "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly,

Federal Rule of Civil Procedure 41(b) permits the Court to dismiss a plaintiff's action for failure to prosecute his case and failing to comply with the Court's orders.

Horowitz has failed to diligently prosecute his case due to his failure to respond to the Court's Order to Show Cause or update his address so that he may receive notices and orders from the Court. Therefore, the Court should dismiss this case without prejudice. *See Portnoy v. Safeguard Properties, LLC*, No. 5:19-cv-407-OC-30PRL, 2020 WL 7496409 (M.D. Fla. Mar. 17, 2020) (dismissing case without prejudice for failure to prosecute after pro se plaintiff failed to update his address as directed by the court).

Reported in Fort Myers, Florida on June 4, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**