UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARD G. HOROWITZ, an individual

    Plaintiff,

v.                                              Case No:   2:20-cv-955-JLB-NPM

PFIZER INC, HEARST CORPORATION,
MODERNA INC, HENRY SCHEIN, INC.,
and DOES 1 THROUGH 50, INCLUSIVE,

    Defendants.

_____

## ORDER

On June 25, 2021, the Court dismissed this action without prejudice. (Doc. 77.)   Specifically, the Court found that pro se Plaintiff Leonard Horowitz had failed to diligently prosecute his case because he was no longer receiving mail at his address of record, did not provide notice of any change of address, and therefore missed several deadlines by which to respond to the Court's orders to show cause.  (See Docs. 71, 73, 74.)   Mr. Horowitz now addresses those orders to show cause through a filing that the Court construes as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  (Doc. 78.)[1]

Apparently, the United States Postal Service ("USPS") closed Mr. Horowitz's PO Box sometime in May because he had not paid his annual box rental fee.  (Id. at

---

[1] For the reasons stated herein, the Court finds good cause to address Mr. Horowitz's filing without awaiting a response (to the extent any response is forthcoming) from Defendants.

2.)   The USPS neither informed Mr. Horowitz payment was past due nor that it was closing his PO Box.   (Id.)   In fact, Mr. Horowitz only learned of this closure when he became "surprised that he had not received any mail from the Court or Defendants" by mid-June and visited the post office in person.   (Id.)   The USPS and Mr. Horowitz sorted out payment, at which time the USPS "restored access to his box."   (Id.)

Accepting these representations, the Court finds that Mr. Horowitz has demonstrated excusable neglect.   See Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 849–50 (11th Cir. 1996) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (setting forth four-fact test for determining whether a party's neglect of a deadline is excusable)).   In reaching this conclusion, the Court notes that reopening this case and proceeding on the merits will prejudice neither Defendants nor the Court's resources.   Several motions to dismiss were pending and the time of dismissal to which Mr. Horowitz had responded or was going to respond.   (See, e.g., Docs. 61, 64, 67, 68.)   The Court also dismissed this matter without prejudice so, in theory, nothing would preclude Mr. Horowitz from filing the same exact lawsuit against the same exact Defendants. And although Mr. Horowitz shares some blame for not diligently uncovering this issue, only approximately one month passed between the Court's first order to show cause (Doc. 71) and its dismissal order (Doc. 77).

At bottom, "Rule 60(b) is a remedial rule that should be liberally construed in order to do substantial justice."   U.S. v. Real Prop. and Residence Located at Route

1, Box 111, Firetower Rd., 920 F.2d 788, 792 (11th Cir. 1991) (quotations omitted). Considering Mr. Horowitz's pro se status, his explanation, and the lack of any prejudice, the Court finds that this case should be reopened.   Cf. Levy v. NCL (Bahamas), Ltd., 686 F. App'x 667, 670–71 (11th Cir. 2017) (district court abused discretion in denying pro se plaintiff's Rule 60(b) motion after explanation for neglect).

Accordingly, it is **ORDERED**:

1. The Court construes Mr. Horowitz's "Reply to Report and Recommendation" (Doc. 78) as a motion for relief under Rule 60(b) and **GRANTS** that construed motion.

2. The Court **VACATES** its June 25, 2021 order (Doc. 77), finding the Report and Recommendation (Doc. 73) is now **MOOT**.

3. The Clerk is **DIRECTED** to **REOPEN** this case for further proceedings and, if applicable, **REINSTATE** any terminated motions that were pending.

4. The Court reminds Mr. Horowitz that it is his responsibility alone to ensure he receives the filings associated with this case, including ensuring that he has a viable mailing address at all times.

**ORDERED** at Fort Myers, Florida, on July 1, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE