UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARD G. HOROWITZ,

    Plaintiff,

v.                                            Case No:  2:20-cv-955-JLB-NPM

PFIZER INC., HEARST CORPORATION,
MODERNA INC., and HENRY SCHEIN,
INC.,

    Defendants.
_____

## ORDER

On August 19, 2021, the Court dismissed pro se Plaintiff Leonard Horowitz's Complaint. (Doc. 86.) The Court directed Dr. Horowitz to file an amended pleading on or before September 9, 2021. (Id. at 14–15.) Dr. Horowitz was expressly warned that his failure to do so would "result in the dismissal of this action." (Id. at 14.) To date, Dr. Horowitz has neither filed an amended pleading nor sought an extension of time.

"The [C]ourt's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). "Prior to dismissing an action on its own motion, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1248 (11th Cir. 2015); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order,

especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Here, the Court's August 19, 2021 order "gave [Dr. Horowitz] fair notice of the defects in [his] complaint and a meaningful chance to fix them, which is all that the [C]ourt was required to do." Silverstar v. U.S. Nat'l Ass'n, 848 F. App'x 406, 407 (11th Cir. 2021) (per curiam) (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018)). Moreover, the Court previously warned Dr. Horowitz that it is his responsibility to diligently prosecute his case and ensure he receives the Court's filings. (See Docs. 73, 77, 79.) Despite these warnings, Dr. Horowitz has not filed an amended pleading. Thus, the case is due to be dismissed without prejudice.

One outstanding matter remains. In its motion to dismiss, Defendant, The Hearst Corporation ("Hearst"), requested attorneys' fees under Florida's anti-SLAPP statute, Fla. Stat. § 768.295. (Doc. 63 at 25.) That statute prohibits a person from filing suit "against another person or entity without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue." Fla. Stat. § 768.295(3). And by its inclusion of "shall," the statute's plain meaning makes an award of fees mandatory in certain contexts: "The court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." Fla. Stat. § 768.295(4) (emphasis added).

But the Court dismissed Dr. Horowitz's Complaint as a shotgun pleading and is now dismissing the case without prejudice for his failure to comply with the Court's order. Should Hearst wish to pursue its request for fees in light of the foregoing, it should file a motion addressing whether such an award is appropriate <u>in the specific circumstances of this case</u>. The Court will also require Hearst to serve Dr. Horowitz with a copy of any forthcoming motion.

Accordingly, it is hereby **ORDERED**:

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court is **DIRECTED** to terminate any pending deadlines and close the file.

3. The Court reserves jurisdiction for the sole purpose of determining Hearst's entitlement to an award of attorneys' fees.

4. **On or before September 29, 2021**, Hearst is **DIRECTED** to file a motion for attorneys' fees under Fla. Stat § 768.295 with an accompanying memorandum of law addressing the specific circumstances of this case. Hearst must also serve Dr. Horowitz with that motion and file a notice of compliance that it has done so. Alternatively, **on or before September 22, 2021**, Hearst may file a notice representing that it will not pursue such fees.

**ORDERED** at Fort Myers, Florida, on September 15, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE